IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

| | | |
|---|---|---|
| TIMOTHY R. SUTHERLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 3:06-1042 |
| | ) | |
| | ) | |
| LT. GREEN, SGT. FLEMMINGS, | ) | |
| CPL. GREER, | ) | |
| | ) | |
| Defendants. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On December 14, 2006, Plaintiff, acting pro se and in confinement at the Western Regional Jail in Barboursville, West Virginia,[1] filed an Application to Proceed in forma pauperis and affidavit and a letter-form complaint pursuant to 42 U.S.C. § 1983.[2] (Document Nos. 1, 2.)  In his complaint, Plaintiff alleges that while confined at the Western Regional Jail,

> on 11-14-06 my mother Christina J. Meddling called Lt Vikki Green and asked her why I was being denied hair cuts, soap, cleaning [supplies] (and hot water) and why my mail was being held.  Lt Vikki Greene stated that she would take care of the problem.  45 minutes after she got off of the phone with my mother I had Sgt. Flemmings and [Cpl.] Greer come in my cell and tear every thing up even my roommate's stuff.  The sgt even read my personal mail. They said the reason the[y] raided my cell was because I put a monster truck sticker on an envelope to my 2 year old son.  I showed them w[h]ere all my stickers was and they didn't even take them.  I still haven't received the mail that they took from me.  To this day I am not rec[e]iving the mail that my family has sent.  When the officers were done the[y] said 'do you get the message now Sutherland[.]"

---

[1]   The West Virginia Division of Corrections' website indicates that Plaintiff is currently incarcerated at the Central Regional Jail.

[2]   Because Plaintiff is acting pro se, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(Document No. 2, p. 5.)

Plaintiff seeks the following relief:

I would like these people to know that they can not get by with this stuff and I want them to understand that inmates have rights to[o] and that I am tired of my rights being violated. I would like to see them get punished for violating my privacy and for harassment.

Id.

## THE STANDARD

Pursuant to the provisions of 28 U.S.C. § 1915A, the Court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. This screening is done prior to the consideration of the Application to Proceed in forma pauperis. On review, the Court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. In Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 555.

The Supreme Court further explained its holding in Twombly in Ashcroft v. Iqbal, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound

2

to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.

\* \* \*

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.[3]

## **ANALYSIS**

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Section 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, § 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

Plaintiff contends that Defendants violated his constitutional rights when he was denied haircuts, soap, cleaning supplies and hot water and because jail officials read and withheld his mail.

---

[3] A motion to dismiss has not been filed in this case yet. Such a motion, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserts that the complaint fails "to state a claim upon which relief can be granted," which is the same standard set forth in 28 U.S.C. § 1915A.

Plaintiff alleges that after his mother complained to Lt. Green, Sgt. Flemmings and Cpl. Greer entered his cell and "read my personal mail" and "[tore] every thing up ...." (Document No. 2, p. 5.) Plaintiff alleges that when the officers were finished, they said: "Do you get the message now Sutherland." Id. Plaintiff asks that Defendants be punished for violating his privacy and for harassment. Id.

Even construing Plaintiff's complaint liberally, it does not meet the requirements of Twombly and Iqbal cited above. Plaintiff's complaint simply does not state plausible claims for relief. Plaintiff's claims are nothing more than conclusory statements unsupported by well-pleaded factual allegations.

In Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" The Supreme Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" Id. at 833 (citations omitted).

To sustain an Eighth Amendment claim, a prisoner must show two things: (1) "the deprivation must be, objectively, 'sufficiently serious;'" that is, "denial of 'the minimal civilized measure of life's necessities;'" and (2) the prison official had a "'sufficiently culpable state of mind;'" that is, "'deliberate indifference' to inmate health or safety." Id. at 834 (citations omitted). The Supreme Court rejected an argument that an objective test of deliberate indifference be established:

> We hold instead that a prison official cannot be found liable under the Eighth
> Amendment for denying an inmate humane conditions of confinement unless the

>official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837.

Plaintiff has failed to allege "a serious deprivation of a basic human need [and] deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). Plaintiff does not elaborate in his complaint about the circumstances surrounding the withholding and reading of his personal mail or the denial of haircuts, soap, cleaning supplies and hot water. He does not describe when or how often this occurred or under what circumstances. Plaintiff claims that Sgt. Flemmings and Cpl. Greer "[t]ore every thing up" in his cell, but these claims also are vague.[4] Plaintiff's complaint contains unsupported and vague factual allegations and mere conclusions, and, as such, they are not entitled to the assumption of truth. Iqbal, 129 S. Ct. at 1950.

Finally, Plaintiff's allegation of verbal abuse, verbal harassment or abuse of an inmate by Sgt. Flemmings and Cpl. Greer, without more, is insufficient to state a constitutional deprivation. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (verbal abuse by a prison guard does not give rise to a cause of action under § 1983); McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (explaining that "acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment"); Ivey v. Wilson, 832 F.2d 950, 954-55 (6th Cir. 1987) (verbal abuse and harassment by prison officials do not state a constitutional violation under § 1983); Morrison v. Martin, 755 F. Supp. 683, 687 (E.D. N.C.) ("[w]ords by

---

[4] The court notes that prisoners have no legitimate expectation of privacy in their cells. Hudson v. Palmer, 468 U.S. 517, 525-26, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).

themselves [including verbal abuse or profanity] do not state a constitutional claim, without regard to their nature"), aff'd, 917 F.2d 1302 (4th Cir. 1990).

Based on the foregoing, the undersigned finds that Plaintiff has failed to state a cognizable constitutional claim under which relief can be granted.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 2), **DENY** Plaintiff's Application to Proceed in Forma Pauperis and Affidavit (Document No. 1), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ride out, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. An, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Scranch, 727 F.2d 91, 94 (4th

Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Chambers and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting pro se, at Central Regional Jail.

Date: August 23, 2010.

R. Clarke VanDervort
United States Magistrate Judge